# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 00-41127
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE DARREL MASK,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-72-2

June 12, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Lawrence Darrel Mask appeals his conviction for possession with intent to distribute cocaine and cocaine base. He argues that 1) there was insufficient evidence proving constructive possession of the drugs, 2) the prosecutor used a peremptory strike in a discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79, 97 (1986), and 3) the district court abused its discretion when it did not allow Mask to elicit testimony from an officer about another person having the reputation of being a drug dealer.

Our review of the record reveals that there was sufficient evidence from which the jury could plausibly infer that Mask had knowledge of and access to the drugs discovered during the search of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the house.  See United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993); United States v. Meshack, 225 F.3d 556, 570 (5th Cir. 2000), cert. denied sub nom. Parker v. United States, 121 S. Ct. 834 (2001), amended on reh'g, ___ F.3d ___ (5th Cir. Mar. 7, 2001), 2001 WL  224656.  The record further reveals that the district court's finding -- that the prosecutor's peremptory strike was not based upon discriminatory motives but on the prospective juror's responses to questions about whether she could be fair -- was not clearly erroneous.  See United States v. Fields, 72 F.3d 1200, 1206 (5th Cir. 1996).  The district court did not abuse its discretion and Mask has not shown that not allowing certain testimony from one witness affected Mask's substantial rights.  See United States v. Franklin, 148 F.3d 451, 458 (5th Cir. 1998).

AFFIRMED.